USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/6/2026___

# Abdul Hassan Law Group

## 215-28 Hillside Avenue

## Queens Village, New York, 11427

~~~~~

**Abdul K. Hassan, Esq.**                                            Tel: 718-740-1000
Email: abdul@abdulhassan.com                              Fax: 718-740-2000
*Employment and Labor Lawyer*                     Web: www.abdulhassan.com

**April 3, 2026**

**Via ECF**

Hon. Analisa Torres, USDJ
United States District Court, SDNY
500 Pearl Street,
New York, NY 10007-1312

<u>**Re: Jain v. Main St. Petroleum Corp et al**</u>
**Case #: 25-CV-08079 (AT)(OTW)**
**Motion for Extension of Time/Cheeks Issues, etc.**

Dear Judge Torres:

My firm represents plaintiff in the above-referenced action, and I respectfully write to request a brief two-week extension of the April 3, 2026 deadline for the parties to submit resolution papers. This request is needed because some additional time is needed to finalize the paperwork. In this regard, we have been held up because Defendants are insisting on using an offer of judgment as well as a private agreement that will be kept from the Court and contains provisions that are usually not approved under Cheeks. This is not a practice that courts are apparently comfortable with – for example, in *Icaza v. Tom Cat Bakery, Inc. et al*, Case Number: 1:20-cv-04039-PKC-JO the Court addressed the use of an offer of judgment and settlement agreement and stated in relevant part as follows:

> ORDER -- To ensure compliance with the requirements of both Mei Xing Yu v. Hasaki Rest., Inc., 2019 WL 6646618 (2d Cir. Dec. 6, 2019) and Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), I respectfully direct the parties as follows. In the event any defendant makes an offer of judgment under Federal Rule of Civil Procedure 68, the parties must promptly file, before filing any notice of acceptance of that offer, a notice that discloses all terms to which the parties have agreed (formally or otherwise, and regardless of whether the agreement is reduced to writing) that are not explicitly disclosed in the Rule 68 offer. The required notice must disclose all terms, including but not limited to the scope of any releases, any commitments regarding confidentiality or non-disparagement, and the apportionment of attorneys' fees. Any purported agreement that the parties fail to disclose in conformity with the foregoing requirements will be deemed void and unenforceable.

Moreover, in *Bevel v. Metrolux Manor Corp et al,* No. 21-CV-2689 (RA), 2022 WL 355397, fn 2 (S.D.N.Y. Feb. 7, 2022), for example, the district court expressed displeasure at me for going along with an improper provision insisted upon by the defense and stated that "Plaintiff's counsel should be aware of this, as he is the attorney who represented Dorian *Cheeks.*" As such, courts expect me and other attorneys as well to be fully faithful to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Hasaki,* and to not just go along to get along.

By way of reinforcement, when parties participate in mediation through the Court's mediation program, they are required to do so in good faith and that necessarily means complying with all rules, requirements and limitations.

As such, and also consistent with Your Honor's prior order, it is respectfully requested that the Court confirm that the case be disposed either through a *Cheeks* approval motion or a Rule 68 offer of judgment but not both. See i.e. *Scullark v. Association for Mentally Ill Children of Westchester, Inc.,* Case No. 25-cv-07249 (Judge Halpern)("Specifically, the Parties are reminded that the Court will only accept either: (i) a joint Cheeks submission and fully executed proposed settlement agreement; or (ii) a Proposed Judgment pursuant to Federal Rule of Civil Procedure 68. SO ORDERED.").

I thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan

By: Abdul K. Hassan, Esq.

**cc: Defense counsel via ECF**

GRANTED.  By **April 17, 2026**, the parties shall submit resolution papers in accordance with the Court's prior order at ECF No. 17.  The parties are directed to either submit a *Cheeks* approval motion or a Rule 68 offer of judgment, but not both.

SO ORDERED.

Dated:  April 6, 2026
          New York, New York

ANALISA TORRES
United States District Judge