UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dinesh Jain,

                              Plaintiff,

            -against-

Main St. Petroleum Corp, and Rahul Nabe,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2026_____
```

25 Civ. 8079 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 17, 2026, Plaintiff filed a motion for extension of the deadline for the parties to submit resolution papers in this case. *See* ECF No. 21. The Court denied the motion without prejudice because Plaintiff failed to comply with Rule I(C) of the undersigned's Individual Practices in Civil Cases. *See* ECF No. 22. Rule I(C) requires, *inter alia*, that all requests for extension state "whether the adversary consents" to the requested extension, and must be made "at least 48 hours prior to the scheduled . . . deadline."

Having received no further submissions from the parties on April 23, 2026, the Court *sua sponte* extended the deadline for the parties to submit resolution papers to April 30, 2026. ECF No. 23. The Court noted that no further extensions would be granted "absent good cause" and that failure to comply with the Court's deadline may result in "dismissal of the case" under Federal Rule of Civil Procedure 41(b). *Id.*

On April 30, 2026—the day of the deadline to submit resolution papers—Plaintiff's counsel filed an extension request seeking "a brief three-week extension of the April 30, 2026 deadline for the parties to submit resolution papers," stating that "some additional time is needed to finalize the paperwork." ECF No. 24.

Plaintiff's counsel's extension request, again, fails to follow the undersigned's Individual Practices and this Court's prior instructions. First, the extension request does not state whether Defendants consent to the extension or have been informed of the request. *Cf.* ECF No. 22 (reminding Plaintiff of his obligation to state as such in any extension requests). Second, the request was submitted on the date of the scheduled deadline, instead of than 48 hours before the deadline. *See* Rule I(C), Individual Practices in Civil Cases; ECF No. 22. Third, the extension request says that "[t]hree prior requests for an extension of this deadline were made and granted." *See* ECF No. 24. That is not true: Plaintiff filed two previous requests for an extension of the deadline to submit resolution papers, and one of them was *denied*. *See* ECF No. 17 (setting deadline); ECF No. 18 (first request for extension); ECF No. 20 (order granting first request); ECF No. 21 (second request); ECF No. 22 (order denying request without prejudice). Although the Court later granted a *sua sponte* extension of the deadline, it did so while reiterating that Plaintiff's request at ECF No. 21 was "denied without prejudice." *See* ECF No. 23.

The Court expresses concern with Plaintiff counsel's inability to follow the undersigned's Individual Practices in Civil Cases, and reminds counsel that future failures to follow the Court's Individual Practices may result in the denial of any extension requests.  The request at ECF No. 24 is, nonetheless, GRANTED.  By **May 21, 2026**, the parties shall submit resolution papers.  Any future extension request shall comply with Rule I(C) of the undersigned's Individual Practices in Civil Cases; it shall also demonstrate good cause for granting the extension.  The Court will not consider a future assertion that "more time is needed" to be sufficient to demonstrate good cause supporting an extension.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

SO ORDERED.

Dated: May 1, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

2