UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/19/2026____

Dinesh Jain,

Plaintiff,

-against-

Main St. Petroleum Corp, and Rahul Nabe,

Defendants.

25 Civ. 8079 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated May 1, 2026, the Court granted Plaintiff counsel's letter motion for an extension of time to May 21 to file resolution papers in this action.  *See* ECF Nos. 24–25.  The Court expressed "concern with Plaintiff counsel's inability to follow the undersigned's Individual Practices in Civil Cases," and reminded counsel that "future failures to follow the Court's Individual Practices may result in the denial of any extension requests."  ECF No. 25 at 2.  The Court noted that counsel's extension request was not filed within the proper time, did not state whether Defendants consented to the request, improperly represented the record of this case to the Court, and did not sufficiently show good cause for an extension.  *Id.* at 1–2.

On May 18, 2026, counsel moved for a further extension of the May 21 deadline.  *See* ECF No. 26.  Although this extension request was properly filed in advance of the May 21 deadline, other deficiencies identified in the Court's May 1 order persist.

First, and most prominently, counsel's letter fails to state whether Defendants consent to the extension.  *See* ECF No. 26.  As the Court noted in its May 1 order, this is not the first instance of counsel's failure to follow this directive in Rule I(C) of the undersigned's Individual practices in Civil Cases.  *See* ECF No. 25 (noting that counsel was also reminded in an order filed at ECF No. 22 of this rule).

More egregiously, counsel's extension request again misrepresents the record of these proceedings to the Court.  Counsel states that "[f]our prior requests for an extension of this deadline were made and granted."  ECF No. 26.  That is not true:  as the Court explained in detail in its May 1 order, one of counsel's prior requests for an extension was denied by the Court.  *See* ECF No. 25 at 1. Continuing to blatantly misrepresent the history of these proceedings to the Court, despite the Court's explicit correction in prior orders, is unacceptable.

Last, in its May 1 order, the Court informed counsel that a bare assertion that "more time is needed" is insufficient to demonstrate good cause supporting an extension and directed counsel to demonstrate good cause for any future requests.  ECF No. 25 at 2.  Counsel's new letter reports that good cause exists "because the parties are using the time to work towards compliance with *Cheeks* and this Court's orders and have made progress, but a few issues remain."  ECF No. 26.  This does not demonstrate good cause, as it does not explain why resolution could not have been obtained after *any* of the extensions previously granted by the Court.  Furthermore, given that the letter does not

state whether Defendants consent to the extension, the Court cannot accept wholesale counsel's unsupported assertion that progress has been "made." *Id.*

The Court is concerned that counsel's repeated extension requests, many of which were improperly filed late, and nearly all of which have failed to follow the undersigned's Individual Rules in Civil Practices, reflect underlying conduct that may delay the resolution of the case without good cause. Accordingly, counsel for Plaintiff is HEREBY ORDERED to serve a copy of this order, as well as the Court's May 1 order entered at ECF No. 25, on his client. Counsel shall file an affidavit reflecting such service by **May 21, 2026**.

Counsel's extension request is DENIED for failure to follow the undersigned's Individual Rules in Civil Cases. This denial is without prejudice to counsel filing a further motion to extend the May 21 deadline, which explicitly states whether Defendants consent to the request. Any future extension requests shall expressly state whether Defendants consent to the motion. Because there are now only 48 hours until the May 21 deadline, any motion for an extension filed after issuance of this order, but prior to or on the May 21 deadline, will not be denied solely on the basis of untimeliness.

Counsel is also reminded that repeated failure to follow the Court's orders may result in dismissal of his client's case, under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.

SO ORDERED.

Dated: May 19, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2